IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

UNITED STATES OF AMERICA,

        Plaintiff,

v.                               Criminal Action No. 3:02CR11-07
                                      (JUDGE BAILEY)

ARTHUR COREY GORTMAN,

        Defendant.

**REPORT AND RECOMMENDATION THAT MOTION FOR THE COURT TO ORDER THE ASSISTANT UNITED STATES ATTORNEY TO TURN GRAND JURY TRANSCRIPTS ALSO ALL DEBRIEFING STATEMENTS (SIC)**

I. Introduction

Defendant is one of eight defendants indicted February 27, 2002, in a twenty-four count indictment alleging offenses related to distribution of cocaine base. Defendant was charged in Counts One, Twenty, Twenty-one, Twenty-three, and Twenty-four. On May 9, 2002, defendant pleaded guilty to Count Twenty-four, aiding and abetting the distribution of crack cocaine. On August 2, 2002, defendant was sentenced to 151 months imprisonment. Defendant did not appeal his conviction.

On July 6, 2004, defendant filed a Motion for the Court to Order the Assistant United States Attorney to Turn Grand Jury Transcripts Also All Debriefing Satements (sic).

II. The Motion

A.     Contention of the Parties

Defendant contends he is presently formulating a § 2255 petition and needs the grand jury transcripts and debriefing statements to draft the § 2255 petition. Specifically defendant contends: he is imprisoned under a void judgment; he is entitled to the materials sought under the

first, fifth and fourteenth amendments to the Constitution; equitable tolling is applicable (presumably to the § 2255 petition because more than one year since his conviction was final has passed); and that the material sought is exculpatory in nature.

The Government contends defendant has not made a showing of a particularlized need for the grand jury transcripts and therefore is not entitled to them; there is no exculaptory information in the material sought; and the one year time bar to § 2255 petitions has passed and there is no basis for equitable tolling of the time bar.

B. Discussion

    a. Grand Jury Transcripts

Fed. R. Crim. P. 6(e)(2) provides that grand jury proceedings are not to be disclosed generally. Rule 6(e)(3) provides exceptions. Specifically, Rule 6(e)(3)(E)(ii) provides that disclosure of grand jury testimony may be made at the request of a defendant who shows a ground may exist to dismiss the indictment because of a matter which occurred before the grand jury. Defendant has made no such showing here.

The Supreme Court has provided another exception, often called a particularized need, that provides for disclosure of grand jury testimony. Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 229 (1979). The Court set forth a three part test: 1) to avoid a possible injustice in another proceeding; 2) the need for disclosure is greater than the need for secrecy; and 3) the request for disclosure is structured to cover only the material needed. Id. In this case there is no other judicial proceeding. Defendant has made no claim of a specific need for disclosure (other than general conclusionary statements) or how the need for disclosure outweighs

the need for secrecy. Finally, the request is not structured to be limited in any way. Defendant has failed to demonstrate a particularized need for the information.

        b.        Debriefing Statements

Defendant provided no legal basis for obtaining debriefing statements other than general conclusionary statements. A debriefing statement is the common name given to an agent's notes of witnesses who are interviewed by Government agents. Almost all plea agreements require defendants to be debriefed. A criminal defendant has a constitutional right to inspect prior statements of a witness who testifies against him. Jencks v. United States, 353 U.S. 657 (1957). The Jencks Act codified this decision and provides that such information must be provided the defendant after the witness testifies on direct examination. 18 U.S.C., Section 3500(a). There is often a question whether an agent's notes constitute Jencks Act materials. However, in this case defendant pleaded guilty and there was no trial. Therefore, no witnesses testified against defendant on direct examination. There is no Jencks Act material and Defendant has no right to any debriefing statements. The Court cannot find any other potential basis for defendant's claim of a right to debriefing statements.

Finally, the Court would note that even the original motion was filed long after the time for filing a petition under 28 U.S.C., Section 2255 had expired.

        C.        Recommendation

For the foregoing reasons, it is recommended defendant's motion be **DENIED**.

DATED: January 16, 2009

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE